# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0749, <u>In the Matter of Elizabeth Bannon and Richard Bannon</u>, the court on September 18, 2020, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The petitioner, Elizabeth Bannon (Mother), appeals an order of the Circuit Court (<u>DalPra</u>, M., approved by <u>Gleason</u>, J.), denying her petition to make her Lancaster, Massachusetts residence the children's legal residence for school purposes instead of the New Ipswich, New Hampshire residence of the defendant, Richard Bannon (Father). We affirm.

The trial court found, or the record supports, the following facts. The parties are the parents of two school-aged children. The parties divorced in November 2018. Their final divorce decree awarded the parties joint decision-making authority and shared residential responsibility for their children. The final decree awarded the parties approximately equal parenting time with the children.

The decree provided that, for the 2018-2019 school year, the children's legal residence for school purposes would be Father's New Ipswich residence. However, the decree did not establish the children's legal residence for the 2019-2020 school year or for any future school year. Instead, the decree ordered the parties to participate in mediation to resolve the issue of the children's legal residence for school purposes for the 2019-2020 school year.

The parties attended mediation, as required, but were unable to resolve the issue. Accordingly, in June 2019, Mother filed a petition to modify the parties' parenting plan to designate her residence as the children's legal residence for school purposes. Father objected to the petition. Following a hearing, the trial court found that "both children's grades are good" at the New Ipswich schools they currently attend, but that the schools in Mother's school district have "more opportunities" and offer "more challenges to students in general to assist in academic success." The court also found that the schools in Mother's school district have "more and better services" than the schools in Father's school district "to address [the parties'] daughter's academic needs." The court determined that, although Mother's "request to change school districts is not unreasonable," she failed to prove "that keeping the children in their current circumstances would result in the possibility of emotional or psychological harm to [them]." Therefore, the court denied Mother's petition

and ordered that "[t]he children shall attend the Mascenic School District as long as [Father] remains a resident of New Ipswich."

On appeal, Mother argues that the trial court erred by requiring her to show that the children's current circumstances would result in psychological or emotional harm to them. She contends that the trial court should have considered other factors, such as the opportunities available to the children in each school district and her ability to work and care for the children during the pandemic if they remain in the Mascenic School District.

Although Mother asserts that the trial court failed to consider the relative opportunities available to the children in each school district, the trial court's narrative order indicates that the court expressly considered that issue. To the extent that Mother argues that the trial court applied the wrong legal standard to her petition to modify the parties' parenting plan, we decline to address the merits of her argument because she has failed to provide a record demonstrating that she made this argument in the trial court.

It is a long-standing rule that parties may not have judicial review of issues they did not raise in the trial court. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). This rule is not relaxed for self-represented parties. See In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56–57 (2006). As the appealing party, Mother had the obligation to provide a record demonstrating that she made substantially the same arguments in the trial court as she makes on appeal. See Bean, 151 N.H. at 250. The trial court must have had the opportunity to consider any issues asserted on appeal; thus, any issues which could not have been presented to the trial court before its decision must be presented to it in a motion for reconsideration. See N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002).

Here, the record submitted on appeal does not demonstrate that Mother ever argued in the trial court that the trial court applied an incorrect standard to her petition. We, therefore, decline to consider her argument on the merits.

We also decline to consider Mother's assertions related to how the pandemic has affected her ability to work and care for the children as those assertions are not properly before us. The trial court's order in this case was issued in November 2019, and its hearing on Mother's petition was in September 2019. As an appellate court, we do not find facts in the first instance and are unable to consider factual allegations that were not part of the trial court proceeding.

Mother next asserts that, in fact, she did prove that the children's current circumstances would result in their psychological or emotional harm. "We consider only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial

2

court's determination if it could reasonably have been made." In the Matter of Kurowski & Kurowski, 161 N.H. 578, 585 (2011) (quotation omitted). We will uphold the trial court's factual findings unless the evidence does not support them or they are legally erroneous. See In the Matter of Kempton & Kempton, 167 N.H. 785, 798 (2015). "If the trial court's findings can reasonably be made on the evidence presented, they will stand." Id. at 792.

In this case, Father's testimony and offers of proof support the trial court's determination. Although Mother's testimony and offers of proof conflicted with Father's, "[c]onflicts in the testimony, questions about the credibility of witnesses, and the weight assigned to testimony are matters for the trial court to resolve." In the Matter of Kurowski & Kurowski, 161 N.H. at 585. Because the trial court's determination could reasonably be made on the evidence before it, we uphold it. See In the Matter of Kempton & Kempton, 167 N.H. 785, 798 (2015).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**